```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JORDAN S. JOSEPHSON and JORDAN S.
JOSEPHSON, M.D., P.C.,

                    Plaintiffs,
                                        MEMORANDUM & ORDER
          -against-                     11-CV-3665(JS)(ETB)

UNITED HEALTHCARE CORPORATION n/k/a
UNITED HEALTH GROUP, UNITED
HEALTHCARE GROUP, UNITED HEALTHCARE
INSURANCE COMPANY, UNITED HEALTHCARE
INSURANCE COMPANY OF NEW YORK, INC.,
UNITED HEALTHCARE SERVICES, INC.,
UNITED HEALTHCARE SERVICES
CORPORATION, INGENIX, INC.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiffs:     Lauren M. Levine, Esq.
                    Roy W. Breitenbach, Esq.
                    Salvatore Puccio, Esq.
                    Justin M. Vogel, Esq.
                    Garfunkel, Wild & Travis
                    111 Great Neck Road
                    Great Neck, NY 11021

For Defendants:     Karen C. Higgins, Esq.
                    Peter P. McNamera, Esq.
                    Joseph K. Poe, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556
```

SEYBERT, District Judge:

Currently pending before the Court are Defendants' motion to dismiss Plaintiff Jordan S. Josephson's ("Dr. Josephson") contract claims as time-barred, on which the Court requested more briefing in its Memorandum and Order of September

28, 2012 (the "September Order," Docket Entry 41), and Plaintiffs' motion for reconsideration of the September Order insofar as the Court dismissed claims brought by Jordan S. Josephson, M.D., P.C. (the "P.C." and together with Dr. Josephson, "Plaintiffs"). For the following reasons, Defendants' motion to dismiss is DENIED and Plaintiffs' motion for reconsideration is GRANTED.

BACKGROUND

The Court presumes familiarity with the facts of this case, which are set forth in more detail in the Court's September Order. Briefly, Dr. Josephson is a world-renowned ear-nose-throat ("ENT") physician who specializes in endoscopic sinus surgery. (Compl. ¶ 1.) Defendants United Healthcare Corporation (n/k/a United Health Group), United Healthcare Group, United Healthcare Insurance Company, United Healthcare Insurance Company of New York, Inc., United Healthcare Services, Inc., and United Healthcare Services Corporation (collectively "United") provide health benefit plans primarily in New York, New Jersey, and Connecticut. Defendant Ingenix, Inc. (together with United, "Defendants") is a United subsidiary that develops and sells a database that helps insurers determine the "usual, customary, and reasonable rate" (the "UCR") for medical services.

United's members are permitted to seek medically necessary treatment from out-of-network providers, such as Dr. Josephson. (Compl. ¶¶ 40, 43.) Under United's agreements with its members, United is obligated to reimburse the member or the provider the UCR for the services rendered, less certain amounts. (Compl. ¶ 41.) Plaintiffs routinely receive authorizations and assignments from United members so that they can be paid directly from United for their services. (Compl. ¶ 45.) However, Plaintiffs allege that United failed to reimburse Plaintiffs for medically necessary procedures performed or failed to reimburse Plaintiffs the proper amount. Specifically, Plaintiffs allege that United manipulated the data in the database that governs UCR determinations, leading to lower UCRs, which in turn caused Plaintiffs to be underpaid for services rendered. (Compl. ¶¶ 79-100.)

On March 15, 2000, healthcare providers who had been underpaid because of alleged falsified UCRs commenced a class action lawsuit against Defendants. See Am. Med. Assoc. v. United Healthcare Corp., No. 00-CV-2800 (S.D.N.Y.) (the "AMA Class Action"). (Pls. Supp. Opp. Br. to Mot. to Dismiss, Docket Entry 42, at 1.) Plaintiffs assert that they were putative class members in the AMA Class Action, but opted out on June 21, 2010 to pursue their individual claims. (Josephson Decl. in Support of Mot. to Recons., Docket Entry 58, ¶ 3.)

3

On March 3, 2011, Plaintiffs commenced the present action in the Supreme Court of the State of New York, County of Nassau, against Defendants for, inter alia, (1) breach of express contracts that arose between Plaintiffs and United (the "First Cause of Action") (Compl. ¶¶ 101-108); (2) breach of an implied-in-fact contract between Plaintiffs and United (the "Second Cause of Action") (Compl. ¶¶ 109-118); and (3) a contract claim premised on Plaintiffs receiving assignments of United's members' benefits (the "Third Cause of Action") (Compl. ¶¶ 119-129). On July 29, 2011, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Notice of Removal, Docket Entry 1.)

As part of this action, Defendants moved to dismiss Plaintiffs' claims arguing, in part, that Plaintiffs' contract claims were time-barred by a six-year statute of limitations. (Defs. Br. on Mot. to Dismiss, Docket Entry 14-6, at 5-6.) Plaintiffs responded that their claims were tolled by the American Pipe tolling doctrine due to Plaintiffs' participation in the AMA Class Action. See Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 554, 94 S. Ct. 756, 766, 38 L. Ed. 2d 713 (1974). (Pls. Supp. Opp. Br. at 4.)

The September Order granted Defendants' motion to dismiss the P.C.'s claims as time-barred because "Plaintiffs [did] not argue that the P.C.'s limitations period was tolled."

(September Order at 14.) The Court, however, reserved judgment on Defendants' motion to dismiss Dr. Josephson's contract claims as time-barred because it required more information. (September Order at 14.) Accordingly, the Court requested that Plaintiffs submit a supplemental brief detailing their position with regard to (a) whether American Pipe tolling applies to all three of their contract claims; (b) the effect of that tolling; and (c) when the parties opted out of the AMA Class Action. (September Order at 20.) Thereafter, along with the requested supplemental brief, Plaintiffs submitted a motion for reconsideration of the September Order insofar as it dismissed the P.C.'s claims as time-barred. (Pls. Br. on Mot. to Recons., Docket Entry 48.)

DISCUSSION

The Court will first address Plaintiffs' motion for reconsideration of the September Order before turning to Defendants' motion to dismiss.

I. Plaintiffs' Motion for Reconsideration

In the September Order, the Court dismissed the P.C.'s claims as time-barred because, while Plaintiffs argued for tolling of Dr. Josephson's claims under American Pipe, they had abandoned such argument with respect to the P.C.'s claims. On reconsideration, Plaintiffs now assert that the Court misinterpreted their argument due to an ambiguity in their papers. The Court will first address the standard of review on

5

a motion for reconsideration before turning to the merits of Plaintiffs' motion.

A. Standard of Review

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

B. <u>Reconsideration of P.C.'s Claims</u>

Upon review of Plaintiffs' briefs regarding Defendants' motion to dismiss, the Court agrees with Plaintiffs that it may have misinterpreted their argument.  Specifically, in arguing for tolling, and throughout their briefs, Plaintiffs confusingly defined both Dr. Josephson individually and Dr. Josephson collectively with the P.C. as "Dr. Josephson."  (<u>See</u> Pls. Opp. Br. to Mot. to Dismiss, Docket Entry 25-10, at 1.) Thus, when Plaintiffs opposed Defendants' motion to dismiss by arguing for tolling, it was wholly unclear whether Plaintiffs intended to assert that all of Plaintiffs' claims were tolled, or whether only Dr. Josephson was a part of the AMA Class Action and, accordingly, only his claims were subject to tolling.

Plaintiffs compounded the ambiguity by referring to "Dr. Josephson's individual claims."  (Pls. Opp. Br. at 9.) Upon reflection, however, it appears that this phrase could mean either Dr. Josephson's claims, as independent from those of the P.C., <u>or</u> Plaintiffs' claims as independent from those alleged in the AMA Class Action.  (<u>See</u> Pls. Br. on Mot. to Reconsider at 3.)  In reviewing Plaintiffs' opposition to Defendants' motion to dismiss as a whole, the Court accepts the latter interpretation and finds that Plaintiffs did not abandon their claim that <u>American Pipe</u> tolls the P.C.'s claims as well as Dr. Josephson's claims.

7

This does not end the inquiry, however.  Defendants maintain that even if Plaintiffs did argue that the P.C.'s limitations period should be tolled, the claim must be dismissed anyway because Plaintiffs submitted "absolutely no evidence that Josephson P.C. was a member of any putative class in the AMA Class Action." (Defs. Opp. Br. to Mot. to Reconsider, Docket Entry 51, at 3.)  Plaintiffs maintain that the P.C. was a class member and, as part of their supplemental briefing, proffer a letter identifying Dr. Josephson by name, and the P.C. by its tax ID number, as evidence that both parties were class members in the AMA Class Action suit. (Josephson Decl. in Support of Mot. to Recons. ¶ 3 & Ex. A.)  At this stage in the litigation, Plaintiffs have at least alleged a plausible claim for relief.

Accordingly, the only remaining issue is whether the P.C. and Dr. Josephson's contract claims are subject to <u>American Pipe</u> tolling.  The Court thus turns to the supplemental briefing on this issue.

II. <u>Defendants' Motion to Dismiss</u>

As part of their original motion to dismiss, Defendants moved to dismiss the First, Second, and Third Causes of Action as time-barred.  Plaintiffs asserted that under the <u>American Pipe</u> tolling doctrine, their claims were tolled for a period of time as a result of the AMA Class Action. Defendants now concede that the Third Cause of Action is identical to the

8

claim brought in the AMA Class Action and therefore that American Pipe tolling applies. Accordingly, their motion to dismiss the Third Cause of Action is DENIED. Before the Court turns to the First and Second Causes of Action, it will review the applicable legal standard on a motion to dismiss and the American Pipe tolling doctrine generally.

A. Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

B. The American Pipe Tolling Doctrine Generally

Under the American Pipe doctrine, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class . . . ." Am. Pipe, 414 U.S. at 554, 94 S. Ct. at 766. As long as a plaintiff remains a member of a putative class action, the statute of limitations on his claims is tolled. Id. Upon opting out, however, he ceases to be a class member, and the statute of limitations runs anew on his claims. See In re Worldcom Secs. Litig., 496 F.3d 245, 255 (2d Cir. 2007).

The American Pipe rule is consistent with the purpose of statutory limitation periods which function to promote justice by preventing the revival of "stale claims". Am. Pipe, 414 U.S. at 554, 94 S. Ct. at 766. Thus, it applies whenever the alleged wrongful acts giving rise to the claim in both the class action and the subsequent lawsuit are the same because "the relevant evidence, memories, and witnesses . . . are the same for both actions." Cullen v. Margiotta, 811 F.2d 698, 720 (2d Cir. 1987), overruled on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987).

The American Pipe tolling doctrine, however, is also designed to protect a class member's right to sue individually without being forced to file an individual suit at the outset of

10

a class action for the sole purpose of preserving his claims. See In re WorldCom, 496 F.3d at 256. In congruence with this function, a class member's subsequent claims need not be identical to the initial class action claim since he will often opt out of a class action suit when he believes that his individual claims will not be adequately redressed by the overall class settlement. See Tosti v. City of Los Angeles, 754 F.2d 1485, 1489 (9th Cir. 1985). In order to preserve the essential fairness that the statute of limitations guarantees and to make certain that American Pipe is not abused, the Court must use its discretion to "ensure that the suit raises claims that 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit,' so that 'the defendant will not be prejudiced.'" Crown, Cork & Seal Co., v. Parker, 462 U.S. 345, 355, 103 S. Ct. 2392, 2397, 76 L. Ed. 2d 628 (1983) (Powell, J., concurring) (internal citation omitted). Therefore, American Pipe tolling may be applied to claims presented by Plaintiffs even if they are based on legal theories that differ from those advanced in the class action claim so long as doing so has no unjust effect. See Cullen, 811 F.2d at 720.

C. Plaintiffs' First and Second Causes of Action

In the present case, Plaintiffs assert that all three breach of contract claims "relate to the same services, same

patients, and same time period which Defendants either failed to pay (first and second causes of action) or failed to pay at the proper reimbursement rate (third cause of action)." (Pls. Supp. Opp. Br.to Mot. to Dismiss, Docket Entry 42, at 5.) The Court agrees.

Defendants' own case law notes that "[f]or tolling to apply, claims do not have to be identical, but only substantially similar to the putative class claims brought in the original class action." Sellers v. Bragg, 04-CV-3663, 2005 WL 1667406, at *6 (N.D. Ill. July 13, 2005). Here, class action claims that Defendants did not pay members and providers, such as Plaintiffs, the proper UCR also put Defendants on notice that Defendants may have deprived Plaintiffs of proper payment at all for services rendered. Essentially, the First and Second Causes of Action allege that Defendants underpaid Plaintiffs, while the Third Cause of Action, identical to claims in the AMA Class Action, alleges that Defendants underpaid Plaintiffs. As Plaintiffs correctly note, such claims present substantial overlap[1] and the same evidence Defendants would have used to refute the AMA Class Action could be used to defend against Plaintiffs' current claims. See Sharpe v. Am. Exp. Co., 689 F.

---

[1] Contrary to Defendants' assertion, the fact that Plaintiffs acknowledge that their claims are distinct does not equate to a concession that their claims are dissimilar. (See Defs. Supp. Br. at 5-7.)

12

Supp. 294, 301-03 (S.D.N.Y. 1988) (holding that the limitations period was tolled by the "pendency of a related class action since plaintiff's allegations [were] similar in substance and time to the claims raised in the class action"). Accordingly, the Court finds that there would be no surprise or hardship to Defendants and that Plaintiffs' First and Second Causes of Action are substantially similar to those in the AMA Class Action such that they are tolled under American Pipe. See Crown, Cork & Seal, 462 U.S. at 353, 103 S. Ct. at 2397 (holding that the statute of limitations may be tolled so long as there is no potential that doing so will force Defendants to face any unfair surprises).

Moreover, "American Pipe tolling ends when a plaintiff opts out of the class or a class certification decision of the court definitively excludes that plaintiff." Choquette v. City of N.Y., 839 F. Supp. 2d 692, 699 (S.D.N.Y. 2012). "[T]he statute [of limitations] begins running anew from the date when the class member exercises the right to opt out because before this time, the class member is deemed to be actively prosecuting her rights." Tosti, 754 F.2d at 1488; see also Marlow v. Gold, No. 89-CV-8589, 1991 WL 107268, at *10 (S.D.N.Y. June 13, 1991) (holding that the statute of limitations began running again after plaintiff opted out of the class action).

Plaintiffs offer evidence that Dr. Josephson and the P.C. opted out of the AMA Class Action on June 21, 2010. (Pls. Decl. in Supp. of Mot. to Recons., Docket Entry 58, Ex. A.) Accordingly, on June 21, 2010, the statute of limitations began to run once again on Plaintiffs' claims. See, e.g., Tosti, 754 F.2d at 1488. The lawsuit at hand was commenced on March 3, 2011--255 days after Plaintiffs opted out. (Pls. Opp. Br. to Mot. to Dismiss at 6.) Therefore, dating back six years from March 15, 2000, when the AMA Class Action was commenced, (Pls. Supp. Opp. Br. to Mot. to Dismiss at 7) and adding the 255 days that elapsed between Plaintiffs decision to opt out and the filing of the new action, Plaintiffs' claims date back to November 25, 1994.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is GRANTED and Defendants' motion to dismiss Plaintiffs' three contract claims as time-barred is DENIED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: July  24 , 2013
Central Islip, New York