```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JORDAN S. JOSEPHSON and JORDAN S.
JOSEPHSON, M.D., P.C.,

                        Plaintiffs,         MEMORANDUM & ORDER
                                            11-CV-3665(JS)(GRB)
        -against-

UNITED HEALTHCARE CORPORATION
n/k/a United Health Group;
UNITED HEALTHCARE INSURANCE
COMPANY; UNITED HEALTHCARE
INSURANCE COMPANY OF NEW YORK,
INC.; UNITED HEALTHCARE SERVICES,
INC.; UNITED HEALTHCARE SERVICE
CORPORATION; and INGENIX, INC.,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Lauren M. Levine, Esq.
                    Roy M. Breitenbach, Esq.
                    Salvatore Puccio, Esq.
                    Justin M. Vogel, Esq.
                    Garfunkel, Wild & Travis
                    111 Great Neck Road
                    Great Neck, NY 11021

For Defendants:     Karen C. Higgins, Esq.
                    Peter P. McNamara, Esq.
                    Joseph K. Poe, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556
```

SEYBERT, District Judge:

Currently pending before the Court is defendants United Healthcare Corporation; United Healthcare Insurance Company; United Healthcare Insurance Company of New York, Inc.; United Healthcare Services, Inc.; United Healthcare Service

Corporation (collectively "United"); and Ingenix, Inc.'s ("Ingenix" and together with United, "Defendants") motion for reconsideration of that portion of the Court's July 24, 2013 Memorandum and Order (the "July 2013 Order," Docket Entry 61) denying Defendants' motion to dismiss based upon the statute of limitations. For the following reasons, Defendants' motion is DENIED.

BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which are detailed in the Court's July 2013 Order as well as in the Court's Memorandum and Order dated September 28, 2012 (the "September 2012 Order," Docket Entry 41). The Court will briefly set forth the background relevant to the currently pending motion.

Plaintiffs Jordan S. Josephson ("Dr. Josephson") and Jordan S. Josephson, M.D., P.C. (the "P.C." and together with Dr. Josephson, "Plaintiffs") commenced this action on July 29, 2011 against Defendants. Relevant here are their first three causes of action, in which Plaintiffs allege claims for breach of contract.[1] The First Cause of Action alleges that United breached express contracts in which Dr. Josephson agreed to provide covered health services to United Members in exchange

---

[1] Plaintiffs filed an Amended Complaint on October 16, 2012. (See Docket Entry 44.) The First, Second, and Third Causes of Action therein reiterate those in the original Complaint.

for United paying Dr. Josephson for those services at the usual, customary, and reasonable rate ("UCR"). (Compl. ¶ 102.) Plaintiffs allege that "[d]ating back to the mid-1990s, United breached its obligations under these contracts by failing to reimburse Dr. Josephson for medically necessary procedures he performed" and "by failing to reimburse Dr. Josephson the proper amount for medically necessary procedures he performed." (Compl. ¶¶ 104-05.) The Second Cause of Action alleges that United breached implied contracts through the same conduct. (Compl. ¶¶ 109-118.) The Third Cause of Action alleges that United breached express or implied contracts because "United pursued standard and uniform policies in making UCR determinations in a fashion that conflicted with its obligations to Dr. Josephson and, in addition, it has misrepresented to Dr. Josephson (and its Members) that the UCR amounts were calculated on the basis of valid data." (Compl. ¶ 123-24.) Accordingly, Plaintiffs maintain that "[a]s a consequence of Defendants' practices, Dr. Josephson has been reimbursed in amounts less than what he should have been paid." (Compl. ¶ 127.)

Defendants moved to dismiss on January 17, 2012, arguing, <u>inter alia</u>, that Plaintiffs' claims are time-barred and that their contract-based claims are duplicative and must be dismissed. (<u>See</u> Defs.' Br. to Dismiss, Docket Entry 14-6, at 5-6, 8.) Plaintiffs responded that their claims are not time-

3

barred under the American Pipe tolling doctrine because Plaintiffs were part of a prior class action (the "AMA Class Action").[2] (See Pls.' Opp. Br., Docket Entry 25-10, at 9 (citing American Pipe & Const. Co. v. Utah, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974).) They further maintained that their Third Cause of Action is independent from their First and Second Causes of Action. (See Pls.' Opp. Br. at 14 ("Plaintiffs' First and Second Causes of Action seek damages based on Defendants' failure to reimburse Plaintiffs for services provided to United Members in any amount . . . Plaintiffs' Third Cause of Action, on the other hand, seeks damages for Defendants' failure to reimburse Plaintiffs at the proper reimbursement rate." (emphasis in original)).)

In the September 2012 Order, the Court declined to dismiss the first three causes of action as duplicative, but ordered additional briefing regarding tolling and application of American Pipe. Following said supplemental briefing, the Court issued the July 2013 Order, holding that American Pipe applied, Plaintiffs' claims were subject to tolling, and therefore Plaintiffs' contract-based claims were not time-barred. Defendants now seek reconsideration of the July 2013 Order.

---

[2] As explained in the Court's prior orders, the AMA Class Action refers to American Medical Association v. United Healthcare Corporation, No. 00-CV-2800 (S.D.N.Y.) in which healthcare providers commenced a class action lawsuit against Defendants based, in part, on allegedly improper UCR determinations.

4

DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of Defendants' motion.

I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court.

5

Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Defendants' Motion

Defendants move for reconsideration based upon two arguments: (1) the Court overlooked the Second Circuit's rule that the challenged conduct that gave rise to the class action must be the same as that giving rise to the class member's subsequent claim in order to apply American Pipe tolling, and (2) the Court overlooked the fact that the challenged conduct that gave rise to the AMA class action was not the same as the challenged conduct giving rise to Plaintiffs' First and Second Causes of Action. (See Defs.' Br. for Recon., Docket Entry 64-1; Defs.' Reply Br. for Recon., Docket Entry 67.) Despite Defendants' attempts to frame these matters as issues that the Court overlooked, Defendants have not, in fact, set forth proper grounds for reconsideration.

Rather than bringing matters to the Court's attention that it has overlooked, Defendants attempt to re-argue issues that have been raised and briefed with the Court on multiple occasions. In their reply in further support of the motion to dismiss, Defendants set forth both the American Pipe tolling doctrine and their asserted application of the doctrine. For example, Defendants stated "it is well-settled that the American Pipe tolling doctrine does not apply where the claims asserted

6

by the putative or opted-out class member are not substantively similar to those asserted in the class action." (Defs.' Reply Br. to Dismiss, Docket Entry 32, at 2.)  They went on to assert that "the AMA Complaint is vastly different from Josephson's Complaint.  Specifically, the AMA Class Action did not assert any claims on behalf of the Provider/Physician Plaintiffs Class for benefits that United allegedly improperly denied under the Plans (Plaintiffs' First [and] Second . . . Causes of Action) . . . ." (Defs.' Reply Br. to Dismiss at 2-3.)  Then again, in their supplemental briefing following the September 2012 Order, Defendants reiterated that "[t]he American Pipe tolling doctrine applies only where the 'alleged wrongful acts', 'challenged conduct', and facts giving rise to the claims asserted in the prior class action and a subsequent suit by a former class member are the same . . . .'" (Defs.' Supp. Br., Docket Entry 50, at 4 (quoting Cullen v. Margiotta, 811 F.2d 698, 720-21 (2d Cir. 1987)); see also id. at 6 n.7 (distinguishing the instant case from Cullen because the instant action involves distinct allegations of "wrongful conduct" from those in the AMA Class Action).)  They further argued that Plaintiffs "admit that their First and Second Causes of Action arise from materially different 'challenged conduct' than the alleged conduct at issue in the their Third Cause of Action" and explained their reasoning for such argument.  (Defs.' Supp. Br. at 5.)

7

Defendants now set forth those same arguments. Contrary to their assertions, the Court neither overlooked the Second Circuit's rule nor what Defendants maintain are differences in the challenged conduct between this case and the AMA Class Action. In arguing that this Court overlooked the Second Circuit's rule, Defendants cite to the Cullen case. (See Defs.' Br. for Recon. at 5-6.) However, the July 2013 Order contains explicit citations and references to Cullen, and indeed the Court cited that case for the proposition that American Pipe tolling applies "whenever the alleged <u>wrongful acts</u> giving rise to the claim in both the class action and the subsequent lawsuit <u>are the same</u> . . . ." (July 2013 Order at 10 (citing Cullen, 811 F.2d at 720 (emphasis added)).) Thus, the Court not only considered Cullen, but cited to it for the exact proposition that Defendants maintain the Court overlooked.

Nor did the Court overlook anything in its application of the American Pipe tolling doctrine. Defendants maintain that, whereas the alleged challenged conduct in the AMA Class Action pertains to improperly calculated UCRs resulting in underpayment, the challenged conduct in Plaintiffs' First and Second Causes of Action herein relate to incorrect benefits determinations made by Defendants. (See Defs.' Br. for Recon. at 2.) The Court considered and rejected this argument in the July 2013 Order, holding that although the legal theories

8

articulated in the instant action and in the AMA Class Action may not be identical, the challenged conduct constituted sufficient sameness to invoke the American Pipe doctrine. Thus, the Court determined that the challenged conduct in both actions pertained to allegedly improper determinations regarding amounts to be paid. (See July 2013 Order at 12.) Moreover, the Court found that, because both actions involved "the same services, same patients, and same time period[s]," application of American Pipe tolling in this case would be consistent with the doctrine's function, would preserve fairness, and would ensure that Defendants would not be prejudiced. (July 2013 Order at 11-12.)

Accordingly, Defendants' motion is DENIED.

CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration of the July 2013 Order is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: January   21  , 2014
        Central Islip, New York